SALVATORE, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees.

Common Pleas Court, Franklin County.

No. 190283. Decided February 17, 1955.

Irving M. Gertner, for appellant.
C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., for appellees.

## OPINION

By GESSAMAN, J.

The appellant appeals from an order of the Board of Liquor Control suspending his permit for a period of fifteen days. The charge was that on Sunday, March 14, 1954, at about 11:55 o'clock A. M. the appellant and/or his agent or employee did sell in and upon the permit premises intoxicating liquor, to-wit: wine and malt beverages in excess of 3.2% alcohol by weight.

Charles Hopkins, an investigator of the Department of Liquor Con-

trol, testified that on the day in question he visited the premises of the appellant along with Reuben Harper, another investigator of the department; that Investigator Harper went into the premises, stayed there about 20 minutes and came out; that thereupon he, Mr. Hopkins, went into the premises, asked for a pint of wine but was refused. Thereupon he purchased a bottle of Coca Cola and while he was drinking it a man by the name of James Riley came in. Riley talked to the appellant but the appellant nodded towards Mr. Hopkins and nothing further was done. Mr. Hopkins shortly left the premises and went down the street and around the building. Mr. Harper testified that he had gone into the appellant's place of business first, stayed there for about 20 minutes, went out and joined Mr. Hopkins, at which time they moved their automobile. After moving it, Mr. Hopkins went into the premises. Mr. Harper testified that he saw James Riley across the street from the appellant's place when he and another man were apparently counting their money. He saw Mr. Riley go into the place of business. After Inspector Hopkins came out of the appellant's place of business, Mr. Riley came out and looked up and down the street to see if Mr. Hopkins was in sight. Mr. Riley went back into the premises and in a few minutes came out carrying a brown sack. Mr. Harper immediately accosted Mr. Riley, took the sack from him, examined the contents, marked Department's Exhibit A, and discovered that it was a bottle of muscatel wine. On cross examination the appellant admitted that he had that type of wine for sale in his place of business on the day in question. He denied that he made the sale to Mr. Riley.

It is true that neither of the officers saw Mr. Riley purchase the wine and, of course, it follows that they did not see the appellant sell the wine. The evidence of sale, therefore, is purely circumstantial. The very strong circumstances are, however, that Mr. Riley had nothing in his hands when he went into the appellant's place of business, that he engaged the appellant in conversation at which time the appellant nodded towards the investigator; that later on Mr. Riley came out of the place of business to look around, went back into the place of business, and came out with a bottle of wine in a brown sack. Where else could he have purchased it if he did not purchase it in the appellant's place of business? He had been no place else in the short amount of time involved.

Counsel for the appellant urges that it was improper for the investigators to testify as to what Mr. Riley told them as to where he purchased the wine. The record does not disclose any objection to the testimony in question. However, as we have pointed out, it is the feeling of the Court that the circumstantial evidence in this case is strong enough to sustain the order of the Board without considering the testimony of the investigators as to what Mr. Riley told them.

From a considered examination of the record in this case, it is the opinion of the Court that the order of the Board is supported by reliable, probative and substantial evidence, and is in accordance with law. **(Sec. 119.12 R. C.)** The order of the Board is therefore affirmed.